IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lavar Sanders, #259354, | ) | No. 6:15-cv-492-RMG |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Joseph McFadden, | ) | |
| Respondent. | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 31), recommending that Respondent's Motion for Summary Judgement (Dkt. No. 18) be granted and that Petitioner's Motion for Evidentiary Hearing (Dkt. No. 27) be denied. For the reasons stated below, the Court ADOPTS the R & R in part, GRANTS Respondent's Motion for Summary Judgment, and DENIES Petitioner's Motion for Evidentiary Hearing.

## I. Background

A jury convicted Petitioner for trafficking in cocaine and possession of cocaine with intent to distribute within proximity of a public park in March of 2009. Petitioner was to twenty-five (25) years for trafficking and to eight years for the proximity to a public park charge. (Dkt. No. 19-1 at 264- 65).

Petitioner sought a direct appeal of his convictions on the issue of whether the trial court erred in giving a jury charge on a statutory inference without telling the jury that they could reject the inference. On May 17, 2011, the South Carolina Court of Appeals issued an unpublished

opinion affirming the convictions (Dkt. No. 19-5), and the Court of Appeals issued the remittitur on June 2, 2011 (Dkt. No. 19-5).

On January 30, 2012, Petitioner filed a *pro se* post-conviction relief (PCR) application wherein he alleged a claim of ineffective assistance of counsel on the grounds of failure to investigate and failure to provide effective representation. Petitioner also alleged a claim of denial of due process. The South Carolina Circuit Court issued its order on April 11, 2013, which denied relief and dismissed Petitioner's application. (Dkt. No. 19-1 at 257-63). Petitioner appealed the denial of relief.

On June 23, 2014, Appellate Defender Robert M. Pachak who represented the Petitioner on appeal, filed a Johnson petition for Writ of Certiorari in the Supreme Court of South Carolina, and raised the following issue: "Whether defense counsel was ineffective for failing to investigate?" (Dkt. No. 19-7). Petitioner's counsel also filed a petition to be relieved of appointment because he was of the belief that the appeal was without merit. (Dkt. No. 19-7 at 7).

On July 24, 2013, Petitioner was advised of his right to file a "pro se response," and raise any issues he believed should be considered in the appeal. (Dkt. No. 19-8). Petitioner did not file a *pro se* response. The petition was denied by the South Carolina Court of Appeals on January 13, 2015. On January 29, 2015, the Court of Appeals issued the remittitur. (Dkt. No. 19-10, 19-11).

The appeal from Petitioner's first application for PCR was still pending when Petitioner filed a second PCR application on August 14, 2013. (Dkt. No. 19-12). The second PCR application raised the following claims: ineffective assistance of PCR counsel, ineffective assistance of trial counsel, and violation of Due Process. (*Id.* at 3). Respondent filed a return and moved to dismiss Petitioner's action as successive and untimely on October 17, 2013. (Dkt. 19-13). On October 25, 2013, the Third Judicial Circuit filed a conditional order of dismissal,

providing the Petitioner with the opportunity to show cause as to why the action should not be dismissed as successive and untimely. (Dkt. No. 19-14)

Petitioner filed his response in opposition of the dismissal on November 6, 2013. (Dkt. No. 19-15). Petitioner's response was denied and dismissed with prejudice by final order on May 13, 2014. (Dkt. No. 19-16). Petitioner subsequently appealed the dismissal. The Supreme Court of South Carolina dismissed the appeal because Petitioner failed to show that there was an "arguable basis for asserting that the determination by the lower court was improper" on June 19, 2014. (Dkt. No. 19-17), and the remittitur was issued on July 8, 2014. (Dkt. No. 19-18).

On February 3, 2015, Petitioner filed this petition for writ of habeas corpus raising the following grounds for relief:

> **Ground One:** Ineffective assistance of trial counsel.
>
> **Supporting Facts:** (1) Trial Counsel was ineffective in failing to investigate; and (2) Trial counsel was ineffective for failing to file a speedy trial motion.

(Dkt. No. 1 at 4). A return, memorandum, and motion for summary judgement were filed by Respondent on May 29, 2015. (Dkt. No. 19). On August 3, 2015, Petitioner filed a response in opposition to the motion for summary judgement, and requested an evidentiary hearing. (Dkt. No. 25). In his response, Petitioner conceded that "the state court reasonably applied federal law in denying his ineffective assistance claim," and stated that he was "respectfully withdraw[ing] his failure to investigate claim." (*Id.* at 1). Petitioner also claimed that he was "entitled to an evidentiary hearing to fully develop" the issue of his claim of ineffective assistance of counsel for failure to move for a speedy trial. (Dkt. No. 27 at 2).

The Magistrate Judge found that Petitioner was not entitled to habeas relief on the ineffective assistance of counsel for failure to investigate claim because the PCR court's order was "a reasonable determination of facts and a reasonable application of the *Strickland* standard." (Dkt.

3

No. 31 at 18). The Magistrate Judge also found that the PCR court's decision did not show an "unreasonable application of the performance or prejudice prongs of the *Strickland* test," and therefore, the Petitioner was not entitled to an evidentiary hearing. *Id.* Finally, the Magistrate Judge found that Petitioner's allegation of ineffective assistance of counsel in failing to move for a speedy trial were procedurally defaulted.

Petitioner has raised objections to the Magistrate Judge's Report and Recommendation. Specifically, Petitioner has objected the Magistrate Judge's finding in regards to Petitioner's claim of ineffective assistance of counsel for failing to move for a speedy trial. Petitioner alleges that the Magistrate judge "relied on the trial record" and "overlooked or misconstrued some valuable points in the record." (Dkt. No. 44).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendation to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); accord Fed. R. Civ. P. 72(b).

### B. Procedural Default

As a preliminary matter a petitioner who requests habeas corpus relief must follow certain procedural requirements or claims are procedurally barred. If a petitioner is seeking federal habeas

4

corpus relief on an issue he failed to raise during the appropriate time in state court, the petitioner is procedurally barred from raising the issue in his federal habeas corpus petition. Ordinarily, a federal court "may not consider claims that a petitioner failed to raise in state court 'unless the prisoner demonstrates cause for the default and prejudice from the asserted error.'" *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012) (quoting *House v. Bell*, 547 U.S. 518, 526 (2006)).

## C. Federal Habeas Review

A petitioner's claims are governed by 28 U.S.C. § 2254(d) and (e), which state that the petition ought not be granted unless the claims "(1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."
28 U.S.C. § 2254(d). When a proceeding is commenced by "application for a writ of habeas corpus" following a judgment of the state court, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner then has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

## D. Ineffective Assistance of Counsel

When a petitioner raises an ineffective assistance of counsel claim, in order to be entitled to relief, the petitioner must have shown in state court that "(1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's unprofessional errors, the result of that proceeding would have been different." *Strickland v. Washington*, 466 U.S. 759, 694 (1984). However, the presumption is that assistance rendered by counsel is adequate, and that counsel "exercised reasonable professional judgment in making all significant decisions in the case." *Id.* at 690.

The § 2254(d) review process including the application of *Strickland* gives deference to both the state court that previously reviewed the actions of counsel and to the counsel. The two standards "are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

### III. Discussion

Petitioner raised one ground for habeas relief with two allegations as supporting facts. Petitioner first argued that his counsel was ineffective for failing to investigate. Second, Petitioner argues that counsel was ineffective for failing to move for a speedy trial. (Dkt. No. 1 at 5).

The claim of ineffective assistance of counsel for failing to investigate was raised, addressed, and dismissed in Petitioner's first PCR. (Dkt. No. 19-1). Accordingly, it is not procedurally defaulted and may be reviewed in this federal habeas action.

The Magistrate Judge conducted a thorough (but ultimately unnecessary) analysis of this claim; Petitioner withdrew his claim of ineffective assistance of counsel for failure to investigate claim in his response in opposition to Respondent's Motion for Summary Judgment. (Dkt. No. 28). The Court therefore reaches the conclusion that the failure-to-investigate claim does not provide grounds for habeas relief, but declines to adopt the Magistrate Judge's analysis as to why habeas relief is improper.

The Court next turns to Petitioner's claim of ineffective assistance of counsel for failing to move for a speedy trial. This claim was not raised or addressed in the PCR. The Court agrees with the Magistrate Judge that the Petitioner's allegations of ineffective assistance of counsel for failing to move for a speedy trial are procedurally defaulted. The Clerk of the Supreme Court of South Carolina sent a letter to the Petitioner on July, 24, 2013, advising Petitioner of his right to file a "pro se response and raise and argue any issues [he] believe[d]" should be considered by the

Court. (Dkt. No. 19-8). Petitioner failed to file a pro se response raising the issue of his counsel's failure to move for a speedy trial. Because the Petitioner failed to raise and address the speedy trial issue in his PCR application and he does not qualify for any of the exceptions, his claim is procedurally defaulted. Therefore, habeas relief on this issue must be denied.[1]

## IV. Conclusion

For the reasons, stated above the Court **ADOPTS** the R & R in part (Dkt. No. 31), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 18), and **DENIES** Petitioner's Motion for Evidentiary Hearing (Dkt. No. 27).

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

---

[1] Even if the claim were not procedurally defaulted, none of Petitioner's objections to the R & R have any merit. The Sixth Amendment's speedy trial guarantee is meant to "minimize the possibility of a lengthy incarceration prior to trial . . . and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. McDonald*, 456 U.S. 1, 8–9 (1982). Petitioner was out on bail before his trial (Dkt. No. 19-1 at 27–28), and this Court has held that a longer delay was not unreasonable if the defendant was out on bond. *Snipes v. Reynolds*, No. C/A 0073516CMCMAGCIV, 2008 WL 4457895, at *15 (D.S.C. Sept. 25, 2008).

7

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 3, 2016
Charleston, South Carolina

8